**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PATRICIA V. SOUCIE, | DOCKET NUMBER |
| Appellant, | PH-0752-19-0262-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: July 10, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Patricia V. Soucie</u>, Gardiner, Maine, pro se.

<u>Jill L. Steinberg</u>, Boston, Massachusetts, for the agency.

<u>Rachel H. Park</u>, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed without good cause shown. For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a Dental Assistant with the National Disaster Medical System of the Department of Health and Human Services. Initial Appeal File (IAF), Tab 8 at 46. On March 5, 2018, the agency proposed to remove the appellant based on her inability to perform the essential duties of her position due to her diabetes. *Id.* at 35-38. The appellant subsequently contacted the Equal Employment Opportunity (EEO) office of the agency, and on June 25, 2018, she filed a formal complaint of discrimination against the agency. IAF, Tab 1 at 16. On July 18, 2018, the agency issued its decision upholding her removal. IAF, Tab 8 at 27-30. In different sections, the decision letter noted that it would become effective on August 2 and August 18, 2018.[2] *Id.* at 28-29. The decision letter further informed her that she could (1) appeal her removal to the Board, (2) file a formal complaint of discrimination through the administrative EEO process, or (3) seek corrective action with the Office of Special Counsel. *Id.* at 29-30. The decision letter did not inform her of her rights or deadlines to file matters in mixed case complaints.

After receiving the letter of decision on her removal, the appellant amended her EEO complaint to include the letter. *Id.* at 18. On July 27, 2018, the agency's EEO office dismissed her claim because the agency's removal action had not yet been effected, and thus was a "proposal to take an action" that had not yet "materialize[d]." *Id.* at 18-19. This dismissal similarly did not inform the appellant of her mixed case rights or how to file an appeal with the Board.

The appellant filed an appeal with the Board on May 10, 2019. IAF, Tab 1 at 1-7, Tab 3 at 2. The administrative judge ordered the appellant to file evidence

---

[2] The appellant's removal was ultimately effected on August 18, 2018. IAF, Tab 8 at 46.

and argument showing that her appeal was timely or that good cause existed for the delay.  IAF, Tab 3 at 2-3.  In response, the appellant claimed that she did not learn that she was fully removed from the agency's "team roster" until early January 2019.  IAF, Tab 7 at 4.  She stated she had been "actively seeking help" from the agency's EEO office "with no avail."  *Id.*  She further claimed that when she contacted the office of her Senator, as well as other agency personnel, on unspecified dates, they suggested she contact the Board.  IAF, Tab 1 at 7, Tab 7 at 4.

On June 22, 2019, the administrative judge issued an initial decision dismissing the appellant's removal appeal as untimely filed.  IAF, Tab 11, Initial Decision (ID) at 1-5.  The administrative judge found that the appellant's appeal was untimely by approximately 8 months.  ID at 2.  She further found that the appellant's explanation that she was seeking help from the EEO office, and that she did not learn she was off the team roster until January 2019, was insufficient to demonstrate the due diligence and ordinary prudence requisite to establish good cause for an untimely filing.  ID at 3-4.

The appellant filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1-2.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's Board appeal was untimely.</u>

If an appellant files a timely mixed case complaint with her agency, a Board appeal must be filed within 30 days after the appellant received the agency resolution or final decision on the discrimination issue.  5 C.F.R. § 1201.154(b) (1).  A mixed case complaint is a complaint of employment discrimination filed with a Federal agency relating to or stemming from an action that can be appealed to the Board.  *Moore v. Department of Justice*, 112 M.S.P.R. 382, ¶ 4 n.4 (2009); 29 C.F.R. § 1614.302(a)(1).  The appellant's case was a mixed case because, at the time the agency issued the dismissal letter, she had been issued a letter of

decision on her removal that was appealable to the Board. IAF, Tab 8 at 27, 30-32. The agency's EEO office issued its dismissal letter regarding her mixed case complaint on July 27, 2018. *Id.* at 18-21. The dismissal letter was delivered to the appellant's address on August 4, 2018. *Id.* at 22. Thus, the deadline to file her Board appeal was 30 days later, or September 4, 2018.[3] Accordingly, her Board appeal on May 14, 2019, was untimely by approximately 8 months.

The appellant has shown good cause for the untimely filing of her initial appeal.

The Board will dismiss an untimely appeal unless the appellant establishes good cause for the delayed filing. *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 5 (2013). In order to establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* Generally, an agency's failure to notify an employee of her Board appeal rights when such notification is required constitutes good cause for late filing. *Id.*, ¶ 6. When an appellant files a mixed case complaint with an agency's EEO office, the agency must advise the appellant of her right to appeal the matter to the Board following either a final agency decision or 120 days after the date of filing if no decision is issued. 29 C.F.R. § 1614.302(d)(1), (3). Here, neither the removal decision letter nor the dismissal letter mentioned the appellant's mixed case rights to pursue the matter before the Board following a final agency decision from the agency's EEO office, as set forth in 5 C.F.R. § 1201.154(b)(1) and required by 29 C.F.R. § 1614.302(d)(1). IAF, Tab 8 at 18-21, 27-31. Although the appellant provided other correspondence she received from the agency's EEO office, that correspondence likewise failed to explain her right to appeal to the Board. IAF, Tab 1 at 15-16, Tab 7 at 27-31. Accordingly, we find that the agency provided the appellant inadequate notice of her Board appeal rights.

---

[3] The 30-day deadline here actually falls on September 3, 2018. However, because that date was a Federal holiday, the filing period will include the first workday after that date. 5 C.F.R. § 1201.23.

When an agency provides inadequate notice of Board appeal rights, the appellant is not required to show that she exercised due diligence in attempting to discover her appeal rights but rather must show diligence in filing the appeal after learning that she could. *Kirkland*, 119 M.S.P.R. 74, ¶ 6. We find that she has. According to the appellant, she did not learn until January 2019 that she was formally off the agency's roster. IAF, Tab 7 at 4.

The appellant's Senator's office and other agency personnel suggested she contact the Board. IAF, Tab 1 at 5, 7, Tab 7 at 4. As described by the appellant, the guidance she received was, at most, a suggested course of action, and thus did not trigger the requirement that she exercise due diligence in filing her Board appeal.[4] IAF, Tab 1 at 7, Tab 7 at 36-38; *see Mc Clendon v. Office of Personnel Management*, 92 M.S.P.R. 250, ¶¶ 12-13 (2002) (finding good cause for an untimely filing when an agency failed to give adequate notice of Board appeal rights, and the record did not reflect that the appellant was ever actually informed of such rights). Given the inadequate notice and her pro se status, we find that the appellant has shown good cause for the untimely filing of her initial appeal.

---

[4] Although the appellant does not state when she received this guidance, it appears that she first contacted her Senator in March 2019, less than 2 months before she filed the instant appeal. IAF, Tab 1 at 5, Tab 7 at 36.

## ORDER

For the reasons discussed above, we REMAND this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.